IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | No. 10-20348-SHM-dkv |
| SHANNON MANESS, | ) | |
| Defendant. | ) | |

_____

REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO COMPEL AND
GOVERNMENT'S MOTION FOR PROTECTIVE ORDER
_____

Before the court is the motion of the defendant, Shannon Maness, to compel the government to turn over a photograph of a victim-minor. (D.E. 83.) The government filed a response and also moved for a protective order pursuant to 18 U.S.C. § 3509(d)(3)(A) to prevent reproduction of the photograph. (D.E. 84.) The defendant filed a reply. (D.E. 87.) The motions were referred to the United States Magistrate Judge for a Report and Recommendation. (D.E. 100.) A hearing was held on the motions on May 24, 2012. For the following reasons, it is recommended that the defendant's motion be denied and that the government's motion for a protective order be granted.

I. PROPOSED FINDINGS OF FACT

The defendant is being charged with crimes relating to the creation and dissemination of child pornography. (D.E. 1.) In her motion, the defendant argues that one out of the many images in the

government's possession is not child pornography and that she should be allowed to copy the image.

At the hearing, the government admitted that, while the image does not meet the technical definition of child pornography, i.e., the image is not a minor performing a sex act or the lascivious exhibition of a minor's genitals, the minor in the image is nude from the knees up, posing somewhat provocatively, and identifiable. The government argued that, to protect the minor's privacy, they are required by federal law to not reproduce the image or allow the image to be inspected outside of a government facility. The government also stated that the government has other pornographic photos of the minor in their possession and that it would be inappropriate to release this photo. The government also maintained that they have provided the defendant ample opportunity to inspect the image at a government facility and that they would permit the defendant, her counsel, and her experts to further inspect the image at the Memphis FBI field office. Additionally, the government stated that they would not be using this image in their case against the defendant.

Defendant's counsel argued that he had not been provided ample opportunity to inspect the image to conduct a proper forensic evaluation.[1] Defendant's counsel also argued that the image was

---

1. Upon questioning, however, defendant's counsel admitted that he and defendant's expert had visited the Memphis FBI field office but that he left while the expert examined the image and removed the metadata. Thus, defendant's counsel was not sure whether the expert had reviewed the photograph. The expert was not present at the hearing.

not child pornography, that it was *Brady* material, and that it was likely a product of teenage "sexting," an act where teenagers text provocative photographs to one another. Last, Defendant's counsel requested that the photograph be available for inspection in the Boston FBI office, as opposed to the Memphis FBI field office, to allow the defendant's expert easy access to the photo. Defendant also requested the government to disclose additional information about the photo, such as when it was taken and how the government came into possession of the photo.

## II. PROPOSED CONCLUSIONS OF LAW

18 U.S.C. § 3509(d)(3)(A) requires a court, upon motion, to issue a protective order to protect a child from the disclosure of any "information concerning the child in the course of the proceedings if the court determines that there is a significant possibility that such disclosure would be detrimental to the child." Subsection (m) also prohibits the reproduction of child pornography and provides the following:

> (1) In any criminal proceeding, any property or material that constitutes child pornography . . . shall remain in the care, custody, and control of either the Government or the court.
>
> (2)(A) Notwithstanding Rule 16 of the Federal Rules of Criminal Procedure, a court shall deny, in any criminal proceeding, any request by the defendant to copy, photograph, duplicate, or otherwise reproduce any property or material that constitutes child pornography . . . so long as the Government makes the property or material reasonably available to the defendant.
>
> (B) For the purposes of subparagraph (A), property or material shall be deemed to be reasonably available to

3

> the defendant if the Government provides ample opportunity for inspection, viewing, and examination at a Government facility of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial.

18 U.S.C. § 3509(m). Child pornography is defined as any depiction, including any computer or computer-generated image or picture, where the depiction shows a minor engaging in sexually explicit conduct. 18 U.S.C. § 2256 (8). Sexually explicit conduct is any act of sexual intercourse, bestiality, masturbation, sadistic or masochistic abuse, or lascivious exhibition of the genitals or pubic area of any person. 18 U.S.C. § 2256 (2)(A). While subsection (m) prohibits reproduction of child pornography, the provision provides a safety valve if the defendant is not provided ample opportunity to inspect the image or property storing the image. *Id.* § 3509(m)(B).

After the hearing, it is not clear whether the image is, in fact, child pornography because, according to the government's own admission, the image may not meet the statutory definition for child pornography. According to the government, however, the image does show an identifiable nude minor, who is a victim in this case, and the court believes that disclosure of the image would be detrimental to the minor. Accordingly, pursuant to 18 U.S.C. § 3509(d)(3)(A), this court recommends that a protective order be put in place that mirrors the provisions of 18 U.S.C. § 3509(m) to

4

protect the minor's privacy and to prevent the defendant from copying or removing the image from the government's custody.

At the hearing, the defendant claimed that it was burdensome for the defendant's expert to visit the Memphis FBI field office and that it would be much more economical to allow the defendant's expert to inspect the image[2] at the Boston FBI field office.[3] The image, however, is still reasonably available because the government has provided the defendant "ample opportunity" to inspect the image at the Memphis governmental facility. *See* 18 U.S.C. § 3509(m)(B). The statute does not require the government to make the image available at whatever facility the defendant requests it to be, and this court believes that keeping the image in Memphis also prevents unnecessary exposure and dissemination of the photo. As to the defendant's request for additional information, the defendant can obtain the information from the metadata when her expert reviews the photos — if her expert does not already have that information.

### III. RECOMMENDATION

Accordingly, it is recommended that the defendant's motion be denied. The defendant should only be permitted to inspect the

---

2. The defendant also requested that all the images at issue, including the ones that meet the definition of child pornography, be relocated to the Boston FBI field office for her expert to review.

3. The defendant's counsel in this case was appointed. The request to relocate the image to the Boston FBI field office came out of counsel's perceived need to conserve financial resources. The court informed defendant's counsel that it would likely deny his request. In response, defendant's counsel requested additional money to pay to have the expert flown into Memphis to inspect the image. This court denied that request and informed defendant's counsel that he could take up the issue with the presiding judge.

photo at the Memphis FBI field office to protect the minor's privacy and prevent unnecessary dissemination of the photo. The government must provide the defendant, and her counsel and experts, ample opportunity to inspect the photo. The government is directed to prepare a proposed protective order and submit it to the presiding judge.

Respectfully submitted this 25th day of May, 2012.

s/Diane K. Vescovo<br>
DIANE K. VESCOVO<br>
UNITED STATES MAGISTRATE JUDGE